Opinion of the Court, by
Judge Owsley.
UPON a re-consideration of this cause, we are of opinion that the plaintiff has shown a good cause of action. The covenant upon which the action is founded, is an express undertaking of the defendant to account to the plaintiff for the fee-bills received; and although, as in the case of Tilford vs. Perkins, decided by this court, a deputy cannot maintain an action for fee-bills put into the hands of a sheriff of another county to collect, upon the receipt of the sheriff, acknowledging that he had received fee-bills, and promising to account for them according to law, and in such a case the action should be brought in the name of the principal, yet we think the present case does not come within the same rule. The plaintiff and defendant in this case appear both to be deputies to the same sheriff; and the defendant has expressly covenanted to account to the plaintiff. Whatever might have been the legal effect and operation of an acknowledgment of the receipt of fee-bills, and a promise or covenant to account for them according to law, it is conceived, does not affect the present case; for whether, by operation of law in such a case, the deputy can maintain an action or not, it cannot affect the right of the parties to covenant and bind themselves to each other, in any way not inconsistent with law. We can perceive no violation of law, in one deputy covenanting to collect and account to the other, for fee-bills put into his hands for collection; nor can we discover any breach of principle, in permitting an action to be maintained by the one against the other, for a failure to perform his covenant. So much of the opinion given in this cause at the last term, therefore, as decides that the plaintiff cannot maintain his action against the defendant, must be set aside.
The plaintiff having shown a good cause of action, it becomes necessary to decide whether the circuit court should have granted a new trial. The trial was had on the pleas of covenants performed, and accord and satisfaction. Neither of the issues were supported by evidence on the part of the defendant. From the evidence, as stated on the record, no proof was made of an accord or satisfaction: nor was there proof of a per *164 formance of the covenant. A new trial should, therefore, have been awarded.
The judgment of the circuit court is, therefore, erroneous, and must be reversed with costs, and the cause remanded to that court, for a new trial to be had on the issues joined.